STATE, *ex rel.* A. E. LICHTENSTEIN, v. D. C. COLEMAN, as Sheriff of Dade County.

183 So. 730.
Opinion filed September 20, 1938.

*Davis & Davis, E. F. P. Brigham* and *Whitfield & Whitfield,* for Petitioner;

*Walsh, Beckham & Ellis, George Couper Gibbs,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondent.

PER CURIAM.—Chapter 17894, Acts of 1937, supersedes prior enactments on the subject regulated, and the nature of the subject as expressed in the title of the Act does not indicate that a violation of the rules and regulations authorized by the statute might be made a criminal offense. The title of the Act is, therefore, misleading as to the provisions in the statute relating to criminal offenses, in that it does not fairly express a subject sufficiently comprehensive to make the creation of criminal offenses for violations of the rules and regulations of the State Board either a part of the subject expressed in the title or matter properly connected therewith; consequently the criminal features of the Act violate Section 16, Article III, of the State Constitution and are inoperative.

Chapter 17894 under its defective title *does not legally define a misdemeanor* that may be punished under Section 7104 C. G. L., even if violation of rules and regulations of an Administrative Board *may legally be made a crime punishable by imprisonment* without violating the due process and equal protection of the laws provisions of the State and Federal Constitutions, when, as here, the Board making the rules and regulations is, with one exception, composed of members of designated classes who are directly and vitally interested in enforcing the statute for their peculiar financial benefit.

Crimes to be punished by imprisonment must be defined by competent impartial authority in order to afford due process and equal protection of the laws.

Rehearing denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.